IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


CARLOS MOORE,

    Petitioner,

v.                                       CASE NO. 1:05cv202-MMP/AK

JAMES V. CROSBY, JR.,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, by Carlos Moore. He has paid the filing fee. Petitioner is presently incarcerated in Okeechobee Correctional Institution and challenges criminal and post-conviction proceedings held in Bradford County, Florida.

       Jurisdiction is appropriate in either the United States District Court for the Southern District of Florida or in the United States District Court for the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). Under no circumstances is this cause properly pending in this district.

       The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this cause to the Middle District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge

to conviction);  Parker v. Singletary, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this **19th** day of December, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**